**RODNEY S. DIGGS, Esq. (SBN 274459)**
*rdiggs@imwlaw.com*
**ANTONIO K. KIZZIE, Esq. (SBN 279719)**
*akizzie@imwlaw.com*
**IVIE, McNEILL & WYATT**
**444 S. Flower Street**
**Suite 1800**
**Los Angeles, CA 90071**
**Tel: (213) 489-0028**
**Fax: (213) 489-0552**

Attorneys for Plaintiff **RICHARD OLANGO ABUKA**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OLANGO ABUKA, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EL CAJON, RICHARD GONSALVES and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.: 3:17-cv-00089-BAS-NLS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983) FOR:**<br>1. **Substantive Due Process - 42 U.S.C. § 1983**<br>2. **Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW **RICHARD OLANGO ABUKA**, and DOES 1-10, Inclusive allege as follows:

### INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution

1

in connection with the fatal police shooting of the DECEDENT ALFRED OLANGO.

2. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the First and Fourteenth Amendments of the United States Constitution for relief against Defendants CITY OF EL CAJON (hereinafter "EL CAJON") and DOES 1-10. Jurisdiction is founded on the basis of 42 U.S.C. §§ 1331 and 1343. Venue is proper in the Southern District of California because the herein described incident took place in the City of El Cajon, County of San Diego, which is within the Southern District.

3. It is herein alleged that DOES 1-10, acting in their individual capacity, under color of law and in the course and scope of their employment with Defendants EL CAJON and other officers or individuals employed by Defendants used excessive, deadly force and shot and killed DECEDENT ALFRED OLANGO without legal cause or excuse, and made an unreasonable seizure of the person of DECEDENT ALFRED OLANGO, violating his rights under the First and Fourteenth Amendments to the United States Constitution, and deprived him of equal protection of the law and substantive due process of law under the Fifth Amendment.

## JURISDICTION

4. Plaintiff RICHARD OLANGO ABUKA asserting claims for relief arising under, and for violations of, the following laws:
   a. Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985, 1986 and 1988;
   b. The First and Fourteenth Amendment of the United States Constitution;
   c. Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution.

5. The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 42 U.S.C. § 1331.

6. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. section 1983) and arising under the law and statutes of the State of California.

7. Jurisdiction is founded upon 28 U.S.C. sections 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulations, custom and usage of rights, privileges and immunities secured to a plaintiff by the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

**VENUE**

9. Venue is proper in the Southern District Court of California in that all injuries complained of herein were caused and suffered in Los Angeles County, California, which is within the Southern District as more fully set forth herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. § 1391(b) and (c) and § 1343. The shooting complained of herein occurred in the City of El Cajon, California, which is in San Diego County.

**PARTIES**

10. At all relevant times herein, Plaintiff RICHARD OLANGO ABUKA is an individual residing in the City of El Cajon, County of San Diego, California

and is the natural father of DECEDENT. RICHARD OLANGO ABUKA sues in his individual capacity.

11. At all relevant times herein, Defendant EL CAJON is, and was, a public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendants EL CAJON has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the El Cajon Police Department and its tactics, methods, practices, customs and usage. At all relevant times, EL CAJON was the employer Defendants RICHARD GONSALVES and DOES 1-10 who were EL CAJON police officers, managerial, supervisorial, and policymaking employees of EL CAJON Police Department. On information and belief, at all relevant times, Defendant RICHARD GONSALVES and DOES 1-10 were residents of the County of Los Angeles, California. Defendants RICHARD GONSALVES and DOES 1-10 are sued in their individual and official capacity.

12. Defendants RICHARD GONSALVES and DOES 1-10 were acting under color of law and within the course and scope of their employment, including but not limited to under California September 27, 2016, the date the incident and Defendant EL CAJON is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendants RICHARD GONSALVES and DOES 1-10 as alleged herein.

13. At all relevant times, Defendants RICHARD GONSALVES, individually and as a peace officer; and DOES 1-10 were duly authorized employees and agents of EL CAJON, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant EL CAJON.

14. At all relevant times, Defendants RICHARD GONSALVES, individually and as a peace officer; and DOES 1-10 were duly appointed officers and/or employees or agents of EL CAJON, subject to oversight and supervision by EL CAJON's elected and non-elected officials.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendants RICHARD GONSALVES, individually and as a peace officer; and DOES 1-10 were acting on the implied and actual permission and consent of EL CAJON.

16. At all relevant times, Defendants RICHARD GONSALVES individually and as a peace officer; and DOES 1-10 were working for Defendant EL CAJON as police officers.

17. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOES 1-10. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

///

# JURISDICTION

# FACTS COMMON TO ALL CAUSES OF ACTION

18. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as though fully set forth herein.

19. On September 27, 2016, Lucy Olango, sister of DECEDENT ALFRED OLANGO called 911 three times seeking emergency medical help for her brother, DECEDENT ALFRED OLANGO, who she believed was experiencing a mental breakdown at the Broadway Village Shopping Center, located at 701 Broadway, El Cajon, California.

20. Approximately fifty minutes later, DEFENDANT RICHARD GONSALVES arrived on the scene, and within about one minute, DEFENDANT RICHARD GONSALVES, without justification, used deadly force and shot DECEDENT ALFRED OLANGO four times, killing him. DECEDNENT ALFRED OLANGO was unarmed.

21. Before arriving on the scene, DEFENDANT RICHARD GONSALVES knew DECEDENT ALFRED OLANGO was having a mental crisis because dispatch had coded the call as "5150" pursuant to Cal. *Welf. & Inst. Code* §5150, which allows a peace officer to detain a person with "a mental health disorder." DEFENDANT RICHARD GONSALVES knew that he was not investigating a crime and that DECEDENT ALFRED OLANGO had not threatened anyone with harm. Yet, instead of waiting for a Psychiatric Emergency Response Team ("P.E.R.T.") to arrive or implementing other, non-lethal detention or calming techniques, DEFENDANT RICHARD GONSALVES drew his firearm and aggressively confronted, chased, and cornered DECENDANT ALFRED OLANGO.

22. Even though EL CAJON had treated Lucy Olango's repeated pleas for help as a low priority call, making her wait near an hour even for a dispatch, immediately upon arrival, DEFENDANT RICHARD GONSALVES very quickly escalated the noncriminal, 5150 call to deadly force without warning. DEFENDANT RICHARD GONSALVES' without justification, brandished his firearm in DECEDENT's face and provoked DECEDENT ALFRED OLANGO into taking foreseeable defensive measures which DEFENDANT RICHARD GONSALVES then used as false justification to kill him.

23. DEFENDANT RICHARD GONSALVES acted negligently in both his pre-shooting tactical conduct and decisions, e.g., to escalate to deadly force very quickly and without warning, not to wait for P.E.R.T., not to use nonlethal alternatives, and to instead confront and provoke DECEDENT ALFRED OLANGO, as well as his decision to shoot an unarmed man.

24. DECEDENT ALFRED OLANGO posed no threat to DEFENDANT RICHARD GONSALVES arrived the scene and posed no threat thereafter once DEFENDANT RICHARD GONSALVES and DOES 1-10 when he repeatedly shot him. On information and belief, DEFENDANT RICHARD GONSALVES and DOES 1-10 knew DECEDENT ALFRED OLANGO posed no threat to their lives or bodily harm when he repeatedly shot him. There were no other people at the scene other than DECEDENT's sister, Lucy Olango. On information and belief, DEFENDANT RICHARD GONSALVES and DOES 1-10 failed to provide advance warnings to DECEDENT ALFRED OLANGO prior to shooting him. On information and belief, DEFENDANT RICHARD GONSALVES and DOES 1-10 failed to request medical aid for Decedent as he lay dying on the ground as a result of multiple bullet wounds.

7

FIRST AMENDED COMPLAINT

25. DEFENDANT RICHARD GONSALVES and DOES 1-10, while acting in the course and scope of their employment with EL CAJON, negligently assessed the circumstances presented to them and used deadly force against DECEDENT ALFRED OLANGO when Decedent ALFRED OLANGO posed no reasonable threat to DEFENDANT RICHARD GONSALVES and DOES 1-10.

26. At no time during the course of these events did DECEDENT ALFRED OLANGO pose any reasonable threat of violence to the defendant deputies, nor did he do anything to justify the use of deadly, excessive, unreasonable and unnecessary force against him, by the defendant officers.

27. EL CAJON is responsible not only because DEFENDANT RICHARD GONSALVES was acting in the course and scope of his employment, but also because of EL CAJON's dilatory dispatch decisions, its own negligent failures to train and supervise DEFENDANT RICHARD GONSALVES, and for its negligent decision to retain DEFENDANT RICHARD GONSALVES despite his demonstrated unfitness.

## FIRST CAUSE OF ACTION

### Substantive Due Process - 42 U.S.C. § 1983

**(Plaintiff RICHARD OLANGO ABUKA against all Defendants and DOES 1-10, Inclusive)**

28. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

29. RICHARD OLANGO ABUKA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprived her from life, liberty, or property in such a manner as to shock the conscious, including but not limited to,

unwarranted state interference in Plaintiffs' familial relationship with DECEDENT ALFRED OLANGO.

30. DECEDENT ALFRED OLANGO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprived him from life, liberty, or property in such a manner as to shock the conscious.

31. As a result of the unjustified shooting which was committed when DEFENDANT RICHARD GONSALVES and DOES 1-10 knew DECEDENT posed no harm to them or others DECEDENT died. RICHARD OLANGO ABUKA was thereby deprived of his constitutional right of familial relationship with DECEDENT ALFRED OLANGO.

32. RICHARD GONSALVES and DOES 1-10, individually and as a peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of RICHARD OLANGO ABUKA to be free from unwarranted interference with his familial relationship with DECEDENT ALFRED OLANGO.

33. The aforementioned actions of RICHARD GONSALVES and Defendants DOES 1-10, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT ALFRED OLANGO and RICHARD OLANGO ABUKA and with purpose to harm unrelated to any legitimate law enforcement objective.

34. As a direct and proximate cause of the acts of the Defendants Plaintiff has also been deprived of his life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT ALFRED OLANGO, and will continue to be so deprived for the remainder of his natural life. Plaintiff is also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

35. The conduct of Defendants RICHARD GONSALVES and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT ALFRED OLANGO and therefore warrants the imposition of exemplary and punitive damages.

36. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983**

**(Plaintiff RICHARD OLANGO ABUKA against all Defendants and DOES 1-10, Inclusive)**

37. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth therein.

38. Plaintiff RICHARD OLANGO ABUKA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with her son, DECEDENT.

39. As a result of the excessive force committed by RICHARD GONSALVES and DOES 1-10 and the failure of Defendants RICHARD GONSALVES and DOES 1-10 to intervene or provide medical treatment, DECEDENT died. Plaintiff RICHARD OLANGO ABUKA was thereby deprived of his constitutional right and familial relationship with DECEDENT.

40. The aforementioned actions of Defendants RICHARD GONSALVES and DOES 1-10, along with other undiscovered conduct, shock the conscience, in

that they acted with deliberate indifference to the constitutional rights of Plaintiff RICHARD OLANGO ABUKA and DECEDENT and with purpose to harm unrelated to any legitimate law enforcement objective.

41. As a direct and proximate cause of the acts of RICHARD GONSALVES and DOES 1-10, Plaintiff RICHARD OLANGO ABUKA and DECEDENT ALFRED OLANGO were injured.

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

## PRAYER FOR RELIEF

1. For compensatory damages in an amount according to proof;
2. For funeral expenses and loss of financial support;
3. For punitive damages against the individual defendants in an amount according to proof;
4. For prejudgment interest;
5. For an award of general and special damages in the amount to be proven at trial;
6. For reasonable costs of this suit incurred herein;
7. For reasonable attorney's fees and costs as provided by law;
8. For such further other relief as the Court may deem just, proper and appropriate.

Dated: February 5, 2017      **IVIE, McNEILL & WYATT**

By:    */s/ Rodney S. Diggs*
       **RODNEY S. DIGGS**
       Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: February 5, 2017          **IVIE, McNEILL & WYATT**

         By:    */s/ **Rodney S. Diggs***
                  **RODNEY S. DIGGS**
                  Attorneys for Plaintiffs

# DECLARATIONS

# DECLARATION OF RICHARD OLANGO ABUKA

1. The decedent's name who is the subject of this action for wrongful death is ALFRED OLANGO.

2. No proceeding is now pending in California for administration of the DECEDENT's estate.

3. I am the biological father of DECEDENT.

4. No other persons are bringing this claim with me.

5. The only other persons having the right to commence the action or proceeding is ALFRED OLANGO's mother, children and wife.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: January 13, 2017            <u>/s/ RICHARD OLANGO ABUKA</u>
                                                     Richard Olango Abuka, Declarant