# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OLANGO ABUKA,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF EL CAJON, *et al.*,<br><br>  Defendants. | Case No. 17-cv-00089-BAS-NLS<br>*consolidated with*<br>Case No. 17-cv-00347-BAS-NLS<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION**<br><br>**[ECF No. 48]** |

Presently before the Court is Plaintiff Taina Rozier, C.O., and H.C.'s ("Plaintiffs") ex parte motion for an order declining supplemental jurisdiction over Plaintiffs' state law claim for wrongful death based on negligence. (ECF No. 48); *see* ECF No. 5 in Case No. 17-cv-347-BAS-NLS (Fourth Cause of Action). Defendants do not object to this motion. (ECF No. 49.)

Plaintiffs' claim is based on the events when Alfred Olango's sister called 911 seeking emergency medical help for Mr. Olango, whom she believed was experiencing a mental breakdown. (ECF No. 5 (in Case No. 17-cv-347).) El Cajon Police Officer Richard Gonsalves responded to the call and confronted Mr. Olango,

shooting and killing him within a few minutes of arriving. (*Id.*) Currently, another case based on the same events is set for trial on June 22, 2018 in San Diego Superior Court. (ECF No. 48 at 3 (referring to *Olango v. City of El Cajon*, Case No. 37-2017-00005331-CU-PO-CTL).) Plaintiffs allege that this case "will necessarily involve the same factual determinations as would be decided by the trier of fact in Plaintiffs' Fourth Cause of Action for wrongful death based on negligence." (*Id.*)

Plaintiffs now move for this Court to decline supplemental jurisdiction over this single claim pursuant to 28 U.S.C. § 1367(c)(4). (ECF No. 48 at 3.) Under Section 1367(c)(4), a court may decline to exercise supplemental jurisdiction over a claim if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." In addition to determining whether exceptional circumstances exist, a court must also "accommodate the values of economy, convenience, fairness, and comity" when declining jurisdiction. *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. (Page)*, 24 F.3d 1545, 1556 (9th Cir. 1994), overruled on other grounds by *Cal. Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008).

Plaintiffs argue that the Court should decline jurisdiction because "collateral estoppel and/or res judicata will likely be asserted by the prevailing party in whichever litigation is decided first to preclude a different result in the subsequent litigation" (*Id.* at 4-5.) Thus, Plaintiffs allege they "may suffer irreparable harm if they are precluded from defending their interests" in the upcoming state trial. (*Id.*) However, Plaintiffs do not include any allegations about how these concerns would be rectified by the Court declining jurisdiction, nor do they address the additional values the Court must also consider when declining jurisdiction. *See Exec. Software*, 24 F.3d at 1556. Therefore, after reviewing Plaintiffs' motion, the Court construes Plaintiffs' request as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Fed. R. Civ. Pro. 41(a)(2) ("[A]n action may be dismissed [without prejudice] at the plaintiff's request only by court order, on terms

– 2 –

17cv0089

that the court considers proper.") The Court finds that dismissal of Plaintiffs' claim without prejudice would be proper in light of the related state action.

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion (ECF No. 48) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Fourth Cause of Action for wrongful death based on negligence in Case No. 17-cv-347-BAS-NLS under Rule 41(a)(2) so that Plaintiffs may pursue their state law claim in state court.

**IT IS SO ORDERED.**

DATED: May 18, 2018

Hon. Cynthia Bashant
United States District Judge